787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
STACEY HASLETT, Defendant-Appellant.
 85-3134
 United States Court of Appeals, Sixth Circuit.
 3/17/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: RYAN, Circuit Judge; CELEBREZZE and BROWN, Senior Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motions for appointment of counsel and to proceed in forma pauperis on appeal from the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant failed to respond to the Court's request that he file an informal brief, and upon consideration of the record, the panel unanimously agrees that oral argument is unnecessary Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On September 23, 1983, appellant was sentenced to two concurrent three year terms of imprisonment as a result of a jury verdict of guilty of two counts of conspiracy to manufacture methaqualone in violation of 21 U.S.C. Sec. 846. He did not prosecute a direct appeal, but did move for a reduction of sentence. That motion was denied, apparently as untimely.
 
 
 3
 Appellant filed his Sec. 2255 motion on August 22, 1984, alleging three grounds for relief: (1) government bribery of a witness;, (2) perjury of a major government witness, and (3) government failure to disclose evidence favorable to the defense. The district court denied the motion and dismissed the action as frivolous.
 
 
 4
 Appellant's first grounds for relief--government bribery of a witness--is based on an alleged newspaper article in which Kevin O'Hara (a paid informant) supposedly claimed that he was promised $2000.00 to 'get Haslett.' Mr. O'Hara was principal prosecution witness against appellant. The record reveals that appellant did not include a copy of this article with his Sec. 2255 motion and therefore, this Court cannot consider any allegations concerning this article. Rule 10(a), Federal Rules of Appellate Procedure; & 9 Moore's Federal Practice Sec. 210.08 (2d ed. 1985).
 
 
 5
 The second argument advanced by appellant is that Mr. O'Hara committed perjury by not testifying that he was receiving $2000.00 for 'getting Haslett' when questioned about the money he had been paid in connection with appellant's case. The record establishes that the government's pre-trial disclosure of the informants revealed the money Mr. O'Hara had been paid to date. Mr. O'Hara testified that he had received certain sums of money from various law enforcement agencies. There is no indication from the record that Mr. O'Hara perjured himself concerning the alleged payment of $2000.00 because the record is void of any evidence that he ever claimed that he was paid 'to get Haslett.'
 
 
 6
 The final claim advanced by appellant is that the government failed to disclose evidence favorable to his defense because the government failed to reveal that it offered $2,000.00 to Mr. O'Hara. Again, there is simply no factual support of record for appellant's claim that the informant was paid $2,000.00 in exchange for testifying against appellant.
 
 
 7
 Assuming that appellant's allegation that the witness/informant received $2,000.00 is true, it would not have been material within the meaning of United States v. Bagley, ---- U.S. ----, 105 S.Ct 3375, 84 LEd 2d 481 (1985), so as to require a reversal of appellant's conviction.
 
 
 8
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court be affirmed and the motions for appointment of counsel and to proceed in forma pauperis be denied.